UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:  Case No: 17-00426-3G7

ROLAND ROBERT FINK

_____ Debtors./

**TRUSTEE'S APPLICATION FOR ORDER AUTHORIZING TRUSTEE
TO EMPLOY GORDON P. JONES AS ATTORNEY FOR THE ESTATE**

The trustee, pursuant to 11 U.S.C. §327(d), applies for an order authorizing the employment of Gordon P. Jones as attorney for the Estate and would show:

1. The trustee desires to employ Mr. Jones to represent and assist the trustee in carrying out the trustee's duties under the Bankruptcy Code.

2. After reviewing the facts and issues in this case, the trustee has determined that there appear to be assets of this estate available for liquidation and distribution to creditors.

3. Mr. Jones shall be responsible for the preparation and filing of all necessary objections, motions, applications, notices, complaints and other papers required to be filed by an attorney licensed to practice before this District, and to prepare any proposed orders as may be required by the Court in accordance with the holding of In re Samuels, 176 B.R. 616, (Bankr. M.D. Fl. 1994). Pursuant to Reshard v. Britt, 839 F. 2d 1499 (11th Cir. 1988), 28 U.S.C. §1654 and U. S. Bankruptcy Court, Middle District of Florida, Local Rule 1074-1, the Bankruptcy Estate shall only be heard and represented by counsel.

4. Specifically, this case involves objecting to the claim of exemptions; retaining, preparing, and consulting with expert witness regarding value of debtor's tangible personal property; conducting; conducting a Rule 2004 examination of the debtor(s); and any ancillary matters which may arise.

5. The trustee has elected to employ Mr. Jones as attorney for the trustee in this case because, due to his familiarity with the facts and issues in this case, and the relative complexity of the case, the trustee believes such employment would be in the best interests of the estate.

6. Mr. Jones has the ability and experience to render the necessary assistance, and his representation of the estate would provide for the most economical and expeditious administration of this case.

7. Mr. Jones has agreed to seek compensation at his standard hourly rate, which presently is $275 per hour. However, the amount requested may vary subject to the factors outlined in <u>Johnson v. Georgia Highway Express</u>, 488 F.2d 714 (5th Cir. 1974).

8. Mr. Jones understands and agrees that any fees incurred on behalf of the estate are subject to the review of the Office of the United States Trustee, and the approval of the Court pursuant to 11 U.S.C. §330.

9. To the best of the trustee's knowledge, Mr. Jones has no connection with the debtor(s), creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, which is adverse to any party herein, and is a "disinterested party" within the meaning of 11 U.S.C. §101(14).

Dated: April 3, 2017

*/s/ Gordon P. Jones*
Gordon P. Jones
Florida Bar no. 829439
Post Office Box 600459
Jacksonville, FL 32260-0459
(904) 262-7373
Trustee

## Verified Statement of Proposed Attorney

I, Gordon P. Jones, declare under penalty of perjury pursuant to the provisions of 28 U.S.C. §1746 that the following statements are true and correct:

I am an attorney admitted to practice in the State of Florida and in the District Court for the Middle District of Florida, and am the duly appointed and acting Chapter 7 trustee in this case.

Neither I, nor any member of my firm, have any connections with the debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, and am thus disinterested within the meaning of 11 U.S.C. §101(14).

Neither I, nor any member of my firm, have any interests adverse to the debtors, the estate, or any creditor or party in interest.

*/s/ Gordon P. Jones*
GORDON P. JONES