FILED VIA MAIL
JACKSONVILLE, FLORIDA

APR 13 2017

CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

Case No. 3:17−bk−00426−PMG

RONALD R. FINK,

Chapter 7

Debtor.
______________________________/

**NOTICE BY RES-FL EIGHT, LLC OF**
**TAKING RULE 2004 EXAMINATION DUCES TECUM OF DEBTOR**

RES-FL EIGHT, LLC ("Multibank"), requests, pursuant to Fed. R. Bankr.P. 2004, that the **Debtor, Ronald R. Fink**, produce the following documents listed in the attached Schedule A, in lieu of live testimony no later than **May 5, 2017**. The documents may be sent to undersigned counsel at Lawrence.Pecan@rialtocapital.com or c/o Quantum Servicing Corp. Attn: Marc Schmitz, 6302 E. Martin Luther King Jr. Blvd, Suite 310, Tampa, FL 33619. Pursuant to Local Rule 2004-1 no order shall be necessary.

Respectfully submitted,

/s/ Lawrence E. Pecan
Lawrence E. Pecan, Esquire
Florida Bar No. 99086
In-House Counsel
Rialto Capital
790 NW 107 Avenue, Suite 400
Miami, Florida 33172
Lawrence.Pecan@rialtocapital.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was delivered to (1) counsel for the Debtor, (2) counsel for the chapter 7 Trustee and (3) the United States Trustee by delivery of notices of electronic filing.

/s/ Lawrence E. Pecan
Lawrence E. Pecan, Esquire

## Schedule "A"

## Definitions

As used in this request, the following words shall be defined as follows:

1) "Document" includes, but is not limited to, originals where available, or otherwise a carbon copy, xerox copy or other copy, including each non-identical copy (whether different from the original because of marginal notes, or other material inserted or attached thereto, or otherwise) of each item of correspondence, letters, memoranda, messages, telephone bills, notes, offers, orders, confirmations, contracts, agreements, reports, punch sheets, punch lists, agendas, cables, telegrams, diaries, appointment books, invoices, ledgers, returns, accounts, checks, check stubs, drafts, statements, indexes, data sheets, data processing cards, logs, worksheets, service orders, expense vouchers, maintenance records, inspection reports, licenses, permits, settlement paperwork, printing, pictures, advertisements, slides, film, microfilm, micro fiche and other written matter of every kind and character; transcripts, recording tapes, recording disks or other records of oral communications; and graphs, books, charts, tables, prospectuses, tabulations, worksheets, compilations, summaries, minutes, lists, pamphlets, brochures, drawings, renderings, diagrams, sketches, etchings, tracings, plans, blueprints, posters, periodicals, publications, bulletins, computer printouts, studies, electronic mail, information contained in electronic or computer storage media and other papers in the possession, custody or control of Roland Fink, or her agents, employees, joint venturers, attorneys or representatives, including documents which were prepared by Roland Fink, or her agents, employees, joint venturers, attorneys or representatives, which did not leave the custody of the person preparing them.

2) "You", "Your" and "Debtor" refers to Roland Fink, or your agents, employees, attorneys or representatives, and any and all other persons acting for, purporting to act for or

subject to the control of Roland Fink, including any business or business entity in which You have or had an interest in the four (4) year period leading up to and including the Petition Date.

3) "And" or "Or" shall include the conjunctive as well as the disjunctive.

4) "Communications" include correspondence, discussions, telephone conversations and all other forms of written or oral communication.

5) "Petition Date" means the date on which the petition for relief was filed.

**Instructions**

1. List all documents withheld under any claim of privilege, or other protection from discovery in response to these requests.

2. Identify each withheld document by setting forth:

(a) the type of document (e.g., letter, memorandum, telegram, chart, photograph, reproduction, etc.);
(b) the date of the document;
(c) the names of the author and each addressee;
(d) the name, address and title of the custodian of each document not produced;
(e) the identity of the person(s) asserting the privilege/protection claimed;
(f) the identity of the person(s) having knowledge of the information sought;
(g) the subject matter of the document; and
(h) the basis upon which the privilege/protection is claimed.

3. These document requests are continuing and further supplemental responses and production shall be made and served upon counsel for Multibank if and when additional documents or communications relevant to these document requests come into your possession.

4. Unless otherwise stated, these document requests call for the production of documents created, dated, sent or received on or after July 22, 2012, through and including the present.

**<u>Schedule of Documents to be Produced</u>**

1. Any documents evidencing the ownership of Fink Appraisal Services, LLC, f/k/a Fink Appraisal Services, Inc. (***"FAS"***).
2. Any documents evidencing any amounts owed to FAS or by FAS.
3. Any documents evidencing any real property or personal property owned by FAS.
4. Any documents evidencing the extent, validity, priority or amount of any encumbrance of any property owned by FAS.
5. Any documents evidencing any money earned by FAS.
6. Any documents evidencing any transfers or payments made by FAS.
7. The operating agreement, shareholders agreement, bylaws, articles or any other similar document for FAS.
8. Any documents purporting to show any innocent circumstances related to the conversion of FAS to a limited liability company, other than to avoid attachment of both shareholders' interests pursuant to Multibank's judgment lien.